USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-29-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
SHAKIM BRUNSON,

                **Plaintiff,**

   -against-

CITY OF NEW YORK, ALTAMESE BRISTOW,
FATIMA WASHINGTON, CLYNN RIVERA,
MARISOL SERRANO, KATARZYNA STAPOR,
and SEDEKE KAMARA,

                **Defendants.**
------------------------------------------------------------------ x

17-CV-6605 (ALC)

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Shakim Brunson (hereinafter, "Plaintiff" or "Mr. Brunson") brings this action against the City of New York, as well as individual defendants Altamese Bristow, Fatima Washington, Clynn Rivera, Marisol Serrano, Katarzyna Stapor, and Sedeke Kamara (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.

## PROCEDURAL HISTORY

Mr. Brunson initiated this case on August 29, 2017. ECF Nos. 1-3. On October 24, 2017, the case was assigned to the undersigned. On January 5, 2018, Mr. Brunson filed an Amended Complaint ("FAC"). ECF No. 17. The Court entered an Order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) on January 9, 2018. ECF No. 18. Mr. Brunson amended his Complaint again on February 9, 2018. ECF No. 21 ("SAC"). On May 1, 2018, Defendants submitted a Letter Motion requesting a pre-motion conference in anticipation of a motion to dismiss. ECF No. 23. On June 20, 2018, the Court held a telephonic Pre-Motion Conference. ECF No. 30. The Court gave Mr. Brunson an opportunity to amend his Complaint again, however, Mr. Brunson indicated that he did not wish to do so. *Id.* The Court then set a briefing

COPIES MAILED

schedule for Defendants' Motion. *Id.* On July 13, 2018, Defendants submitted their Motion along with supporting documents. ECF Nos. 31-33. Plaintiff filed a Letter in opposition to Defendants' Motion on August 21, 2018. ECF No. 35. Defendants replied to Plaintiff's Opposition on September 5, 2018. ECF No. 36.

Defendants' Motion is deemed fully briefed. After careful consideration, Defendants' Motion to Dismiss is hereby **GRANTED**.

## BACKGROUND[1]

Plaintiff's Complaints contain two categories of allegations. First, Plaintiff alleges that he was incorrectly classified in the "high classification/gang unit," and that he was deprived of medically required housing in an air-conditioned unit. Second, Plaintiff alleges that he was assaulted by various inmates – an attack that correctional officers failed to prevent and failed to remedy.

Regarding Plaintiff's alleged incorrect classification, Plaintiff claims that he arrived at Rikers Island on April 22, 2017. Compl. p. 12. Upon arrival, Mr. Brunson states that his offense level indicated that a "low/medium" classification was appropriate. *Id.* However, the housing officer threatened to put Mr. Brunson in a "high classification/gang member unit" because he was complaining about the lack of medical treatment he was receiving. *Id.* Regarding Plaintiff's allegations that he was deprived of air-conditioned housing, on or around May 17, 2017, Plaintiff claims that he requested to be transferred to a unit with air conditioning – an accommodation he was entitled to due to his high blood pressure and mental health issues. *Id.* p. 8. Plaintiff claims

---

[1] When determining whether to dismiss a case, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). In this case, Plaintiff filed a Complaint ("Compl."), a First Amended Complaint ("FAC"), and a Second Amended Complaint ("SAC"). ECF Nos. 2, 18, 21. However, the FAC and SAC lack sufficient factual narratives. Thus, the Court looks to Plaintiff's original Complaint to supplement the factual background.

2

that his repeated requests were ignored and that he ultimately fell ill. *Id.* pp. 8-9. Mr. Brunson was taken to the medical unit where he was treated for dizziness and high blood pressure. *Id.* p. 9. Plaintiff alleges that both his general misclassification and the failure to transfer him to an air-conditioned housing unit constitute a violation of his rights.

In addition to the allegations pertaining to Mr. Brunson's classification and housing, he also alleges that he was attacked by multiple "prisoner/detainee[s]." Compl. p. 11. Plaintiff claims that the attack occurred on May 2, 2017. *Id.* p. 13. According to the Complaint, Mr. Brunson was taken to intake, but he was denied medical treatment until the next day. *Id.* Plaintiff's injuries included a chipped tooth, being sprayed with "chemical gas/mase (sic)," and being punched and kicked in the head, ribs, and face by the "4-5 inmates." *Id.* at 11; SAC p. 3. Plaintiff claims that he was denied access to treatment for 20 hours. *Id.*

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Taking the standard into consideration, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In particular, the pleadings of a *pro se* plaintiff should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotations and citations omitted).

## DISCUSSION

Interpreted liberally, Mr. Brunson's allegations could give rise to two classes of claims. First, Mr. Brunson's allegations pertaining to the inmate assault could give rise to claims for failure to intervene, failure to protect, and deliberate indifference to serious medical needs. Second, Mr. Brunson's allegations pertaining to his classification and housing could give rise to claims for due process violations. Additionally, Mr. Brunson claims that the City of New York is liable for the alleged violations of his constitutional rights.

### I. Mr. Brunson has Failed to State A Claim for Which Relief Can be Granted Regarding his Claims Stemming from the Inmate Assault

#### a. Plaintiff has Failed to Allege Personal Involvement of Defendants

In order to establish individual liability under § 1983, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages." *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (citing *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). Personal involvement can be demonstrated by introducing evidence that:

4

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendants, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring.

*Back*, 365 F.3d at 127 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Dismissal is warranted "when a plaintiff fails to allege how [a] particular defendant was personally involved in any of the actions or inactions that purportedly led to a violation of the plaintiff's constitutional or federal rights." *Townsend v. Clemons*, 2013 WL 818662, *4 (S.D.N.Y. Jan 30, 2013) (citing *Hemmings v. Gorczyk*, 134 F.3d 104, 109 n. 4 (2d Cir. 1998)).

Here, Plaintiff has failed to adequately allege personal involvement of any Defendants in the assault by the inmates. Specifically, Plaintiff claims that he was assaulted by "4-5 inmates" who kicked and punched him. SAC p. 3. At no point does Plaintiff allege that he was attacked or assaulted by Defendants. Thus, in order to state a claim under § 1983, Plaintiff must allege personal involvement under either the fourth or fifth prong of the analysis.[2]

### b. Plaintiff has Failed to State a Claim for Failure to Protect

The Eight Amendment "requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Garcia v. Fischer*, 2016 WL 297729, *5 (S.D.N.Y. Jan. 22, 2016) (citing *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)). A prisoner must (1) "demonstrate he is incarcerated under conditions posing a substantial risk of serious harm," and (2) demonstrate that "the defendant prison official [had] knowledge of that risk yet

---

[2] The Complaints are void of any allegations suggesting that Defendants were informed of the attack through a report and failed to remedy it. *See Back*, 365 F.3d at 127. Further, the Complaint cannot be liberally construed to suggest that any Defendant created a policy or custom giving rise to the attack. *Id.* Thus, the second and third prongs of the analysis do not apply. *See id.*

faile[ed] to take reasonable measures to abate the harm." *Id.* For example, if a "prison official fails to prevent an inmate from being attacked by another, despite knowing the inmate was at risk," the Eighth amendment is implicated. *Id.* However, "not …every injury suffered by one prisoner at the hands of another … translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Here, Plaintiff does not allege a history of prior attacks. *See Parris v. New York State Dept. Correctional Services*, 947 F.Supp.2d 354, 363 (S.D.N.Y. 2013). Plaintiff does not allege any circumstances giving rise to the attack that made it foreseeable. *See Blandon v. Aitchison*, 2019 WL 1206370, *6-7 (S.D.N.Y. March 14, 2019). Plaintiff does not allege that the general conditions of confinement made the risk of an attack obvious. *See Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). The extent of Plaintiff's allegations are that he was attacked, "by 4-5 inmates," while he "was sitting at the housing unit (3 North), recreational table." SAC p. 3; Compl. p. 11. Plaintiff's Complaints fail to indicate that this was anything other than a surprise attack, and thus Plaintiff has not established that Defendants were deliberately indifferent or failed to take reasonable measures to address the risk of harm in this case. *See Zimmerman v. Macomber*, 2001 WL 946383, *5 (S.D.N.Y. Aug. 21, 2001).

### c. Plaintiff has Failed to State a Claim for Failure to Intervene

"Correction officers can be held liable under Section 1983 for not intervening to protect the constitutional rights of inmates from infringement by other officers."[3] *Holland v. City of New York*, 197 F.Supp.3d 529, 549 (S.D.N.Y. 2016). In order for an officer to be liable, "(1) the officer [must have] had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights

---

[3] Courts have indicated that, under certain circumstances, an inmate-on-inmate altercation could give rise to a failure to intervene claim. *See Stewart v. Schiro*, 2015 WL 1854198, *8 (E.D.N.Y. April 22, 2015).

were being violated; and (3) the officer does not take reasonable steps to intervene." *Id.* (citing *Jean-Laurent v. Wilkinson*, 540 F.Supp.2d 501, 512 (S.D.N.Y. 2008)).

Here, there is no evidence that the attack in question was anything other than a surprise attack. Further, Plaintiff indicates that officers did, in fact, intervene. Compl. p. 11. A chemical agent was used to break up the fight, and "a female captain (officer) took pictures of[] Plaintiff's injuries." *Id.*; *see* Rizza Decl. Ex 2. Plaintiff has failed to demonstrate that the officers had a prior opportunity to intervene and failed to do so. Thus, Plaintiff has failed to state a claim for failure to intervene.

### d. Plaintiff has Failed to State a Claim for Deliberate Indifference to Serious Medical Needs

To state a claim for deliberate indifference to a serious medical need, a plaintiff must satisfy both an objective and subjective component to the analysis. *Carrasquillo v. City of New York*, 324 F.Supp.2d 428, 438-39 (2d Cir. 2004) (citing *Hathaway v. Coughlin (Hathaway III)*, 99 F.3d 550, 553 (2d Cir. 1996)). Objectively, the alleged deprivation must be "sufficiently serious." *Hathaway*, 99 F.3d at 553. It must be one that "may produce death, degeneration, or extreme pain." *Id.* Subjectively, the charged official must "have the requisite state of mind, which is the equivalent to criminal recklessness: knowledge of, and conscious disregard for, this serious risk." *Id.* In other words, "[t]here must be some evidence that the health care providers knowingly and intentionally rendered improper treatment." *Joyner v. Greiner*, 195 F.Supp.2d 500, 503 (S.D.N.Y. 2002).

Here, plaintiff has not sufficiently alleged a serious medical condition. In his Complaints, Mr. Brunson claims that the fight left him with a "broken tooth," and "injuries to his right shoulder." Compl. p. 11; SAC p. 3. Plaintiff further claims that he "was given Tylenols for three

7

days"[4] the day after the attack. Compl. pp. 3, 13. These injuries do not rise to the level of a "serious" medical condition, as the record does not reflect that either injury complained of required surgery, inhibited Plaintiff's daily activities, was a degenerative condition, or caused him severe pain and discomfort. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Therefore, Plaintiff has failed to meet the objective prong of the analysis. Regarding recklessness on the part of Defendants[5], an officer took pictures of Plaintiff's injuries following the attack, and Plaintiff was treated for his injuries the following day. Compl. pp. 3, 11. While Plaintiff may disapprove of the applied treatment, mere disagreement is not sufficient to give rise to constitutional claim. *Brown v. Wright* 2005 WL 3305015, *5 (S.D.N.Y. Dec. 6, 2005). Thus, Plaintiff has failed to satisfy both the objective and subjective prongs of the analysis and is unable to sustain a claim for deliberate indifference to medical needs stemming from the attack.

## II. Mr. Brunson's Classification and Housing Claims Fail as a Matter of Law

### a. Plaintiff has no Liberty Interest in his Administrative Classification

Regarding Mr. Brunson's classification claims, prison officials "have full discretion to control conditions of confinement" including prisoner classification. *Walker v. City of New York*, 2012 WL 3037308, *2 (S.D.N.Y. July 25, 2012) (quoting *Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir. 1980)); *see Robinson v. Sposato*, 2014 WL 1699001, *5 (E.D.N.Y. April 24, 2014). Furthermore, "prisoners have no legitimate statutory or constitutional entitlement sufficient to invoke due process in connection with such conditions." *Id.*; *see Walker v. Shaw*, 2010 WL 2541711, *4 (S.D.N.Y. June 23, 2010). Thus, any claims Plaintiff's Complaint can be liberally construed to allege regarding his classification are without merit.

---

[4] To the extent that Plaintiff alleges an unreasonable delay in treatment, the facts are insufficient to support such a claim. *See Smith v. Carpenter*, 316 F.3d 178 (2d Cir. 2003).
[5] Moreover, Plaintiff has failed to allege personal involvement of individual defendants regarding any recklessness or deliberate indifference to medical needs. *See Townsend v. Clemons*, 2013 WL 818662, *4.

8

### b. Plaintiff Failed to Exhaust his Administrative Remedies Regarding his Housing Claim

A Plaintiff must exhaust their administrative remedies before pursuing a cause of action in federal court. *Kearney v. Gebo*, 713 Fed.Appx. 39, 41 (2d Cir. 2017) (citing 42 U.S.C. § 1997e(a)). Suits about prison life are encapsulated by the exhaustion requirement. *Id.* (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2003). Plaintiff filed an initial complaint requesting placement in an air-conditioned facility when the conditions required it. Compl. Ex. B. A determination was made that his high blood pressure did require his placement in appropriate housing. *Id.* However, after the determination was made indicating that Plaintiff required heat sensitive housing, Plaintiff failed to file a grievance indicating that had not been moved during days where the conditions required such movement.[6] Compl. p. 8; *see* Rizza Decl. Ex. A. Thus, Plaintiff failed to exhaust his administrative remedies regarding his housing claim.

### III. Plaintiff has Failed to State a Claim for Which Relief Can be Granted Against the City of New York

Local governing bodies can be sued directly under 42 U.S.C. § 1983 when a complaint alleges unconstitutional action implemented from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 (1978). However, liability does not exist "solely because [a municipality] employs a tortfeasor." *Id.* at 691. Thus, when a plaintiff alleges municipal liability under § 1983, "he must plausibly allege that the violation of his constitutional rights was caused by an official policy or custom of the municipality." *Bennett v. City of New York*, 425

---

[6] New York Law calls for a three-step grievance procedure: "(1) filing a complaint to be resolved by the Inmate Grievance Resolution Committee ("IGRC"); (2) appealing an adverse decision by the IGRC to the superintendent of the facility; and (3) appealing any further adverse decision by the superintendent to the prison system's Central Office Review Committee ("CORC")." *Kearny*, 713 Fed.Appx. at 41 (citing N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 7, §§ 701.1(c), 701.5, 701.7, 701.8).

Fed.Appx. 79, 81 (2d Cir. 2011) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)).

Here, Plaintiff's Complaints are void of any substantive allegations that his constitutional rights were violated due to a policy or practice of the City of New York. *See* Compl.; FAC; SAC. Mr. Brunson does not allege or even indicate that the City was furthering a policy or custom in relation to any of the claims Plaintiff's Complaints could be liberally construed to allege. *See id.* Plaintiff has failed to meet the standard required to hold a municipality liable, and thus Plaintiff's claims are dismissed against the City of New York in their entirety.

## LEAVE TO AMEND

In general, a district court "should freely grant leave to amend." *Hunt v. Alliance North Am. Gov't Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. 1998). However, a court may deny leave to amend where amendment would be futile. *Id.*; *see Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Substantive issues, as opposed to issues stemming from inadequate or inartful pleading, generally render an opportunity to replead as futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, any issues in Plaintiff's Complaints are substantive. Further, Plaintiff was given multiple opportunities to amend his Complaint prior to the filing of Defendants' Motion. ECF No. 30. However, Plaintiff indicated that he did not wish to amend his Complaint further. *Id.* Thus, amendment would be futile and any perceived request for leave to amend is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is hereby **GRANTED** as to all Defendants. Any request for leave to amend the Complaint is hereby **DENIED**.

**SO ORDERED.**

Dated:	March 28, 2019
	New York, New York

*[signature]*
ANDREW L. CARTER, JR.
**United States District Judge**